(86 Tex. Cr. R. 406)

## DIXON v. STATE. (No. 5609.)

(Court of Criminal Appeals of Texas. Dec. 10, 1919.)

1. INDICTMENT AND INFORMATION ⊕⇒87(3)— ALLEGATION THAT OFFENSE WAS COMMITTED ANTERIOR TO PRESENTATION OF INDICTMENT UNNECESSARY WHERE APPEARING FROM RECITALS.

Indictment charging burglary *held* sufficient without specific allegation that offense was committed anterior to presentation of indictment, where it appeared from recitals in the indictment that the date of the offense alleged was before indictment was filed.

2. INDICTMENT AND INFORMATION ⊕⇒87(3)— ALLEGATION OF DATE ON WHICH OFFENSE WAS COMMITTED MUST BE ANTERIOR TO INDICTMENT.

The date on which the offense is alleged to have taken place must be a date anterior to the filing of the indictment.

3. CRIMINAL LAW ⊕⇒1090(1)—ABSENCE OF STATEMENT OF FACTS AND BILL OF EXCEPTIONS, ONLY QUESTION SUFFICIENCY OF INDICTMENT.

Where there is neither statement of facts nor bill of exceptions accompanying the record, the only question raised on appeal is the sufficiency of indictment.

Appeal from District Court, Bexar County; W. S. Anderson, Judge.

George Dixon was convicted of burglary, and he appeals. Affirmed.

Alvin M. Owsley, Asst. Atty. Gen., for the State.

MORROW, J. The appellant, by a sufficient indictment, was charged with the offense of burglary, and on conviction his punishment was fixed at confinement in the penitentiary for a period of ten years.

[1, 2] In the motion for a new trial the sufficiency of the indictment is challenged upon the grounds that it does not contain a specific allegation that the offense was committed anterior to the presentation of the indictment. It does appear, however, that the indictment was filed April 17, 1919; and it is recited in the indictment that the presentation was made at the March term, 1919, and charged that the offense was committed on the 8th day of March, 1919. We understand that it is imperative that the date on which the offense is alleged to have taken place must at a date anterior to the filing of the indictment, but that this may appear otherwise than by an allegation in the indictment in terms stating that the date of the offense was anterior to the presentation of the indictment. In the instant case it does appear from the indictment that the date of the offense alleged was before the indictment was filed. We regard this as sufficient.

[3] The motion for a new trial raises some questions of fact which are not supported by any proof. We find neither statement of facts nor bill of exceptions accompanying the record; the only question in any sense raised is that to which we have adverted.

The judgment is affirmed.

## DIXON v. STATE. (No. 5610.)

(Court of Criminal Appeals of Texas. Dec. 10, 1919.)

CRIMINAL LAW ⊕⇒1097(6)—QUESTIONS AS TO EVIDENCE NOT REVIEWABLE IN ABSENCE OF STATEMENT OF FACTS.

Appeal from District Court, Bexar County; W. S. Anderson, Judge.

George Dixon was convicted of assault with intent to murder, and he appeals. Affirmed.

## DIXON v. STATE. (No. 5611.)

(Court of Criminal Appeals of Texas. Dec. 10, 1919.)

CRIMINAL LAW ⊕⇒1090(16), 1124(3)—RULING ON MOTION FOR NEW TRIAL NOT REVIEWABLE ON ABSENCE OF EVIDENCE AND BILLS OF EXCEPTION.

The matters set up in motion for new trial cannot be considered in the absence of the evidence and bills of exception.

Appeal from District Court, Bexar County; W. S. Anderson, Judge.

George Dixon was convicted of burglary, and he appeals. Affirmed.

Alvin M. Owsley, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of burglary and allotted five years in the penitentiary.

The matters set up in the motion for new trial cannot be considered in the absence of the evidence and bills of exception. The record does not contain a statement of facts, and if there were any exceptions reserved during the trial they are not incorporated in the record.

The judgment will be affirmed.